**MING GUANG YU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–2370–ag.

United States Court of Appeals, Second Circuit.

Jan. 9, 2009.

Ming Guang Yu, pro se.

Gregory G. Katsas, Assistant Attorney General, Barry J. Pettinato, Assistant Director, Tim Ramnitz, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. REENA RAGGI and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Ming Guang Yu, a native and citizen of the People's Republic of China, seeks review of an April 16, 2008 order of the BIA affirming the May 18, 2006 decision of Immigration Judge ("IJ") Terry A. Bain, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ming Guang Yu,* No. A97 959 072 (B.I.A. Apr. 16, 2008), *aff'g* No. A97 959 072 (Immig. Ct. N.Y. City May 18, 2006).

We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 523 (2d Cir.2007). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). We construe the submissions of *pro se* petitioners broadly to raise the best argument they suggest. *See Weixel v. Board of Educ.*, 287 F.3d 138, 145–46 (2d Cir.2002).

The IJ's adverse credibility determination was supported by substantial evidence. In her decision, the IJ identified numerous inconsistencies in Yu's testimony and between his testimony and the documents in the record. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir. 2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007) (en banc). For example, the IJ found that there were discrepancies regarding: (1) his age and the year in which he and his girlfriend tried to register their marriage; (2) how he found out about his girlfriend's forced abortion; (3) when her abortion occurred; (4) his encounter with family planning officials; and (5) the amount he was fined by family planning officials. Yu argues that these discrepancies can be explained by cultural factors, differences between the English and Chinese languages, and the poor representation he received from the attorney who filed his asylum application. These arguments are unavailing where Yu does not point to anything in the record that would compel a reasonable fact-finder to conclude that he was credible. *See*

*Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005).

Because the only evidence of a threat to Yu's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief where all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005); *cf. Ramsameachire v. Ashcroft*, 357 F.3d 169, 184–85 (2d Cir.2004).

For the foregoing reasons, the petition for review is DENIED. Any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).